WOLF POPPER LLP
Philip M. Black (SBN 308619)
Chet B. Waldman (*pro hac vice* forthcoming)
845 Third Avenue
New York, NY 10022
Telephone:  212.759.4600
*Attorneys for Plaintiff Joseph Pliszka and the Proposed Class*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANNI SUTANIMAN and SAMUEL KUPERSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AXOS BANK, d/b/a/ UFB DIRECT,<br><br>Defendant. | Case No. 3:23-cv-02266<br><br>**CLASS ACTION**<br><br>**NOTICE OF RELATED CASES:**<br><br>Sutaniman v. Axos Bank, No. 3:23-cv-02266-RSH-SBC<br><br>Blosser v. Axos Bank, No. 3:24-cv-00259-RSH-SBC<br><br>Pliszka v. Axos Bank, No. 3:24-cv-00445-LL-DDL |

- 1 -

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 40.1(e), (f), and (j), this matter may be related to another pending action before this Court.

Plaintiff Joseph Pliszka, in the matter of *Pliszka v. Axos Bank*, No. 3:24-cv-00445-LL-DDL ("*Pliszka*"), alleges that the Defendant, doing business as UFB Direct, perpetrated a shell game on its money market depositors beginning in early 2022, whereby it surreptitiously reclassified its customers' purportedly high-yield money market accounts into lower yielding "legacy" accounts, and instead created a series of new, but functionally identical accounts with higher rates, with no notice to customers and while concealing its conduct by removing so-called "legacy" accounts from its website. *See generally Pliszka*, ECF 1. *Pliszka* brings claims for breach of the covenant of good faith and fair dealing, and violations of the California Unfair Competition Law ("UCL"), California False Advertising Law ("FAL"), California Consumer Legal Remedies Act ("CLRA"), and New York General Business Law Section 349 ("N.Y. G.B.L. § 349"). *See generally id. Pliszka* seeks to represent a "class of all persons who have been UFB high-yield **money market** accountholders since UFB began converting its money market accounts to 'legacy' accounts." *Id.* ¶ 103 (emphasis added). *Pliszka* also seeks to represent a subclass of "all persons in New York who have been UFB money market accountholders since UFB began converting its money market accounts to 'legacy' accounts." *Id.*

The plaintiffs in *Sutaniman v. Axos Bank*, 3:23-cv-02266-RSH-SBC ("*Sutaniman*"), and *Blosser v. Axos Bank*, 3:24-cv-00259-RSH-SBC ("*Blosser*"),[1] allege similar conduct by UFB Direct, but with respect to its savings accounts. *Sutaniman* brings claims for breach of contract, breach of the covenant of good faith

---

[1] *Sutaniman* was assigned to District Judge Huie and Magistrate Judge Hu, and *Blosser* was deemed related and reassigned to the same judges pursuant to Local Rule 40.1. *See Blosser*, ECF 4.

and fair dealing, fraud, and violations of the UCL, FAL, CLRA, and New Jersey Consumer Fraud Act; *Blosser* brings the same common law and California statutory claims, as well as a claim under the Arizona Consumer Fraud Act. *See generally Sutaniman*, ECF 3 and *Blosser*, ECF 1. The *Sutaniman* plaintiffs and the *Blosser* plaintiff seek to represent the same nationwide "class of all persons who have been UFB high-yield ***savings*** accountholders since UFB first began offering the 'high-yield savings account' product who did not, in fact, receive the highest APY offered by UFB." *Sutaniman*, ECF 3 ¶ 153 (emphasis added).[2] The *Sutaniman* plaintiffs respectively also seek to represent a California subclass and a New Jersey subclass (*id.* ¶¶ 154-55), and the *Blosser* plaintiff seeks to represent an Arizona subclass (*Blosser*, ECF 1 ¶ 137).

Local Rule 40.1(e) requires consideration of whether the cases "1. arise from the same or substantially identical transactions, happenings, or events; 2. involve the same or substantially the same parties or property; 3. involve the same patent or the same trademark; 4. call for determination of the same or substantially identical questions of law; 5. involve a case that is refiled within one year of having previously been terminated by the Court; or 6. involve substantial duplication of labor if heard by different judges." Here, factors 3 and 5 do not apply, and the other factors cut both ways.

For factor 1, both *Pliszka* and *Sutaniman/Blosser* allege conduct concerning UFB Direct's deposit product shell game since early 2022. However, *Pliszka* alleges marketing statements and omissions specific to money market accounts (and not

---

[2] The *Blosser* class definition is worded slightly differently but fundamentally the same: "all persons who have held UFB high-yield savings accounts after UFB first began offering the 'high-yield savings account' product who did not, in fact, receive the highest APY offered by UFB." *Blosser*, ECF 1 ¶ 136.

savings accounts), while *Sutaniman/Blosser* allege marketing statements and omissions specific to savings accounts (and not money market accounts).

For factor 2, both *Pliszka* and *Sutaniman/Blosser* involve the same defendant (Axos Bank d/b/a UFB Direct), but do not involve the same plaintiffs or classes. Indeed, there is no overlap. *Pliszka* is brought on behalf of a nationwide class and New York subclass of money market customers, while *Sutaniman/Blosser* are brought on behalf of a nationwide class and California, New Jersey, and Arizona subclasses of savings customers.

For factor 4, some of the claims are the same, and the underlying contract for the good faith and fair dealing claim is the same. However, *Pliszka* brings a N.Y. G.B.L. § 349 claim that *Sutaniman/Blosser* do not; and *Sutaniman/Blosser* bring breach of contract, fraud, New Jersey Consumer Fraud Act, and Arizona Consumer Fraud Act claims that *Pliszka* does not.

For factor 6, while the similarities noted above may involve some duplication of labor if heard by different judges, it is neither evident nor inevitable that it would be a substantial duplication of labor.

The undersigned counsel takes no position on whether *Pliszka* and *Sutaniman/Blosser* should be deemed related under Local Rule 40.1(e) and (f).

DATED: March 7, 2024

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2 |   |
| 3 | By: /s/ Philip M. Black |
|   |         Philip M. Black |
| 4 |   |
| 5 | WOLF POPPER LLP |
|   | Philip M. Black (SBN 308619) |
| 6 | Chet B. Waldman (*pro hac vice* forthcoming) |
| 7 | 845 Third Avenue |
| 8 | New York, NY 10022 |
|   | Telephone:  212.759.4600 |
| 9 |   |
| 10 | *Counsel for Plaintiff and the Proposed Class In Pliszka v. Axos Bank*, |
| 11 | *No. 3:24-cv-00445-LL-DDL* |